SAMUEL W. FOLSOM, Appellant, against ERI P. EVANS, ET AL., Respondents.

#### APPEAL FROM THE DISTRICT COURT OF RICE COUNTY.

The right to appoint a receiver, and to vacate such appointment, is referable solely to the powers which the Courts exercise as Courts of Chancery. Courts of Law, as such, do not have or exercise such powers, unless specially conferred upon them, but they are inherent in Courts of Chancery.

The right to appeal from an order vacating the appointment of a receiver, depends upon the 12th section of the act of March 5, 1853, which preserved the right to appeal from any interlocutory decree or order in all actions which, before said act, were commenced, prosecuted and conducted in Chancery, or enforced by Chancery jurisdiction ; and the appeal must be taken within fifteen days, as required by that act. Such an order could not be appealed from under the General Statute relating to appeals in civil actions, nor under the amendment of 1856, providing for an appeal from an order granting or refusing a provisional remedy.

TOURTILLOTTE & PITCHER, and A. G. CHATFIELD, Counsel for Appellant.

WILLARD & BARNEY, Counsel for Respondent.

*By the Court.*—EMMETT, C. J. This is an appeal from an order of the District Court, setting aside and vacating the appointment of a receiver. The Respondents now move to dismiss the appeal, on the ground that it was not taken in time, to wit, within fifteen days from the time of making such order.

The action in which the order was made is in every respect an equity case, and the Respondents therefore insist that in reference to the appeal, we should be governed in all respects by the old statute concerning appeals in Chancery cases, while the Appellant claims that the statute concerning appeals in civil actions alone governs, since the Court of Chancery, and the right to commence or institute Chancery suits and proceedings, were abolished by the act of March 5, 1853.

The 12th section of the act of March 5, 1853, is in the language following :

" All the statutory provisions authorizing appeals in civil actions and appeals in Chancery, existing before the passage

of this act, which are necessary and applicable, may be applied and used in appealing causes, which, under this act, are intended to be conformed to and are called civil actions."

The object of this section undoubtedly was to preserve to the parties in a Chancery suit or proceeding after the change in the practice directed by the act, the same right of appeal that they had before in all cases not fully provided for by the Statutes authorizing appeals in civil actions.   The importance of such a provision is obvious when we reflect that, at date of the passage of this act, appeals in civil actions were allowed only from *final* judgments, from orders affecting substantial rights which prevented the rendering of a judgment from which an appeal could be taken, and from *final* orders affecting substantial rights made in special proceedings, or upon a summary application in an action after judgment ; while in Chancery suits and proceedings, either party deeming himself aggrieved might appeal from any interlocutory decree, or from *any* order previous to a final order or decree.   It is, evident, therefore, that without some such provision as that contained in the section above recited, the right of appeal in what were formerly suits in Chancery would have been entirely cut off as to all interlocutory decrees, and as to all orders which were not appealable in civil actions proper.   By this section, however, the right was preserved, and now, as before, in all actions and proceedings which, before the act of March 5, 1853, were commenced, prosecuted and conducted in Chancery, or enforced by Chancery jurisdiction, the parties have the right to appeal from any interlocutory decree, or from any order previous to a final order or decree within fifteen days from the time of entering such order or decree, although such appeals are not provided for by the general act concerning appeals in civil actions.

The right to appoint a receiver, as was done in this case, and to vacate such appointment, is referable solely to the powers which the courts exercise as Courts of Chancery. Courts of Law, as such, do not have or exercise such powers unless specially conferred ; but they are inherent in Courts of Chancery.   The general statute concerning appeals in civil actions, was made with sole reference to appeals from judg-

ments and orders made in actions and proceedings at law, and of course did not include an appeal from an order made in a Chancery proceeding. If, therefore, the party has a right to appeal from an order made in such a proceeding, such order must come clearly within the class of orders from which an appeal was given in civil actions proper, or we must find it in the section above recited ; and if the right to appeal is given by that section, it follows that the party must be governed by the time therein limited for the exercise of that right, which we find is fifteen days only.

The order here appealed from is clearly not such an order as could be appealed from, under the general statute before referred to, prior to the amendment of 1856, which provided for an appeal from an order granting or refusing a provisional remedy. It is insisted, however, that the amendment of 1856 was intended to embrace an order of this kind, and being passed after thé Court of Chancery, as a separate court, was abolished, it necessarily includes all provisional remedies granted or refused, whatever may be the nature of the action.

We do not think such was the intention of the Legislature in making this amendment. What is and what is not a provisional remedy under our statute is not easily defined. We think, however, that the object of the amendment was simply to provide for an appeal in a case not before provided for ; and as an appeal from an order appointing, or vacating the appointment, of a receiver, was fully provided for by the 12th section of the act of March 5, 1853, that the Legislature could not have had in view such provisional remedies as Chancery afforded, but such only as could be obtained at law, and from an order granting or refusing which, an appeal had not previously been allowed ; such, for example, as the remedy by attachment. The fact, also, that the same amendment specifies the remedy by injunction as included within its provisions, would seem to imply that it was not intended to refer to provisional remedies in Chancery, else it would not have been thought necessary to name any one of them. The enumeration of one, by a familiar rule of interpretation, excludes the others. Nor does it follow that this appeal was taken in time, even if the amendment referred to was intended to embrace

provisional remedies of every kind.    It appears to have been taken for granted that the statute amended gives six months time for bringing an appeal from an order.    It will be found, however, that the six months relate to appeals from judgments, and that nothing is there said about the time within which appeals from orders are to be taken.    The question has, therefore, been mooted, as to whether there was any limitation at all in such cases.    But it would not be necessary to decide that question in this case; for the provisions of the old Chancery Act, retained by the section before recited, from the act of March 5, 1853, which first gave the right to appeal from such an order as that appealed from here, expressly limits the time to fifteen days ; and as the amendment of 1856 did not repeal that limitation, we should in any event adhere to it, rather than hold that there was no limitation as to time.    In this view of the case, then, it can make no difference whether the amendment of 1856 was confined to provisional remedies, obtainable in an action strictly at law, or not ; for, if it extended to such remedies in Chancery, it only gave an appeal where one already existed, (and to that extent was declaratory only,) and as it did not change the time fixed by the old law, we must still be governed by the time thus limited.

We are of opinion that the right to appeal from this order depends solely on the right reserved by the 12th section of the act of March 5, 1853—that the party should have brought his appeal within the fifteen days limited by the old Chancery Act, and failing so to do that his appeal should be dismissed.